IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 08-cv-02146-WYD-KLM

HARRY R. FOWLER,

    Plaintiff,

v.

WERNER ENTERPRISES,

    Defendant.

# ORDER

THIS MATTER is before the Court on Defendant's Amended Motion to Transfer Venue, filed November 20, 2008 [#8]. Plaintiff filed a response on December 15, 2008 [#13]. A hearing on the motion took place January 7, 2009. For the reasons set forth below, I find that the motion should be **DENIED WITHOUT PREJUDICE**.

By way of background, I note that Plaintiff, proceeding *pro se*, commenced this action with the filing of his Complaint on October 3, 2008. It appears that Defendant employs Plaintiff as a truck driver. In the Complaint, Plaintiff asserts that Defendant has discriminated against him because of a perceived disability or medical condition in violation of the Americans With Disabilities Act, and that he has been retaliated against because he filed a charge of discrimination with the EEOC. Plaintiff alleges that "I believe I am being treated differently within the terms and conditions of my employment because the [Defendant] is aware that I have a Chronic Medical Condition in that I have

been told that I had to stay in my truck for a 72-hour period of time; hours reduced and given a breathalyzer [sic] because of my medication." *See* Complaint at 5. He further alleges that "I believe I have been retaliated against because I filed a charge with the EEOC . . . [and] have had my mileage reduced, increased surveillance and have been discredited." Complaint at 7. According to the Complaint, Plaintiff is a citizen of Kansas and that Defendant is a citizen of Nebraska.

In the motion to transfer, Defendant contends that because it is a Nebraska corporation, with its principal place of business in Omaha, Nebraska, this case could have been brought in the District of Nebraska pursuant to 28 U.S.C. § 1391(a)(1). Defendant requests that I transfer this case to the District of Nebraska pursuant to 28 U.S.C. § 1404(a) and maintains that such a transfer would enhance the convenience of the parties, the witnesses, and would be in the interests of justice.

Plaintiff opposes transfer, and states in his response that because of the potentially high profile nature of this case, and the influence of Defendant in the Omaha area, it would be very difficult for him to receive a fair trial in Nebraska. Plaintiff also states that the events giving rise to this case occurred mostly outside of Nebraska, and the witnesses are more centrally located to Denver, Colorado.

In a diversity action such as this, a civil action "may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any

defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

Here, Defendant concedes that venue is proper in both Colorado and Nebraska, but requests that venue be transferred to the District of Nebraska pursuant to 28 U.S.C. § 1404(a), which provides as follows:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

This statute vests the Court with the discretion to transfer cases to other districts to prevent unnecessary inconvenience and expense. *Consumers Gas & Oil, Inc. v. Farmland Industries, Inc.*, 815 F. Supp. 1403 (D. Colo. 1992). Congress enacted the statute "as a 'federal housekeeping measure,' allowing easy change of venue within a unified federal system." *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)).

The moving party bears the burden of showing the existing forum is inconvenient. *Chrysler Credit Corp.*, 928 F.2d at 1515. However, "[u]nless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972). The decision of whether to transfer an action lies within the sound discretion of the trial judge. *See Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978). Under the standard articulated by the United States Supreme Court, I must "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org. v. Ricoh Corp.*,

487 U.S. 22, 29 (1988) (quotation omitted). Among the factors a district court should consider are:

> [1] the plaintiff's choice of forum; [2] the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; [3] the cost of making the necessary proof; [4] questions as to the enforceability of a judgment if one is obtained; [5] relative advantages and obstacles to a fair trial; [6] difficulties that may arise from congested dockets; [7] the possibility of the existence of questions arising in the area of conflict of laws; [8] the advantage of having a local court determine questions of local law; and [9] all other considerations of a practical nature that make a trial easy, expeditious and economical. *See Chrysler,* 928 F.2d at 1516 (quotation omitted).

This Court has previously held that "transfer of civil actions is not favored where the transfer would serve only to shift the burden of inconvenience from one party to another." *Greenberg v. Greenberg*, 954 F. Supp. 213 (D. Colo. 1997)(citing *Decker Coal v. Commonwealth Edison Co.*, 805 F.2d 834 (9th Cir. 1986).

The majority of the 1404(a) factors, namely factors 4 through 9, do not favor one party over the other. However, in this case, Colorado is Plaintiff's choice of forum, so the first factor weights in favor of Plaintiff. It is not clear, with respect to the second and third factors, the accessibility of witnesses and other sources of proof and the cost of making the necessary proof, whether and to what extent Plaintiff would be inconvenienced if the case were transferred to the District of Nebraska. Clearly, Defendant's witnesses and sources of proof are located in Nebraska. However, at the hearing Plaintiff asserted that he has several witnesses who resided in Colorado, Arizona, California and New Mexico. According to Plaintiff, these witnesses will testify that they observed detectives hired by Defendant to monitory Plaintiff while he loaded and unloaded his truck. According to Plaintiff, these events occurred at various locations in Colorado, Arizona, California and New Mexico. I note, however, that

-4-

Plaintiff has not yet disclosed the identity of these alleged witnesses despite the fact that the parties have already exchanged their initial Rule 26 disclosures. Therefore, as set forth on record at the hearing, Plaintiff shall supplement his initial disclosure to include the information required by Fed. R. Civ. P. 26(a)(1)(A)(I), in particular:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information- along with the subjects of that information-that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

Because it is not yet clear where the majority of witnesses and other sources of proof are located, and because the record before me does not clearly favor a change of venue, I find that the motion to transfer venue should be denied without prejudice at this time.

Therefore, for the reasons set forth on record at the hearing and in this Order, it is hereby

ORDERED that Defendant's Amended Motion to Transfer Venue, filed November 20, 2008 [#8] is **DENIED WITHOUT PREJUDICE**. It is

FURTHER ORDERED that Plaintiff shall provide Defendant with amended Fed. R. Civ. P. 26 Disclosures.

Dated: January 13, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge