IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 08-cv-02146-WYD-KLM

HARRY R. FOWLER,

    Plaintiff,

v.

WERNER ENTERPRISES,

    Defendant.

**ORDER**

THIS MATTER is before the Court on Defendant's Renewed Motion to Transfer Venue, filed January 22, 2009 [#20] ("renewed motion"). Defendant initially filed an Amended Motion to Transfer Venue, on November 20, 2008 ("amended motion") and a hearing on the amended motion took place January 7, 2009. According to the Complaint, Plaintiff is a citizen of Kansas and that Defendant is a citizen of Nebraska. In the amended motion, Defendant contended that because it is a Nebraska corporation, with its principal place of business in Omaha, Nebraska, this case could have been brought in the District of Nebraska pursuant to 28 U.S.C. § 1391(a)(1). Defendant requested that I transfer this case to the District of Nebraska pursuant to 28 U.S.C. § 1404(a) and maintained that such a transfer would enhance the convenience of the parties, the witnesses, and would be in the interests of justice. At the hearing, and in response to the amended motion to transfer, Plaintiff stated that because of the

potentially high profile nature of this case, and the influence of Defendant in the Omaha area, it would be very difficult for him to receive a fair trial in Nebraska. Plaintiff also stated that the events giving rise to this case occurred mostly outside of Nebraska, and the witnesses are more centrally located to Denver, Colorado. Following the hearing, I entered an Order denying the amended motion without prejudice, finding that the record before me did not clearly favor a change of venue "at this time."

As noted the Order denying the amended motion, under the standard articulated by the United States Supreme Court, I must "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quotation omitted). Among the factors a district court should consider are:

> [1] the plaintiff's choice of forum; [2] the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; [3] the cost of making the necessary proof; [4] questions as to the enforceability of a judgment if one is obtained; [5] relative advantages and obstacles to a fair trial; [6] difficulties that may arise from congested dockets; [7] the possibility of the existence of questions arising in the area of conflict of laws; [8] the advantage of having a local court determine questions of local law; and [9] all other considerations of a practical nature that make a trial easy, expeditious and economical. *See Chrysler,* 928 F.2d at 1516 (quotation omitted).

In analyzing the amended motion, I found that the majority of the 1404(a) factors, namely factors 4 through 9, do not favor one party over the other. In this case, Colorado is Plaintiff's choice of forum, so the first factor weights in favor of Plaintiff. At the time of the hearing, I found that it was not clear, with respect to the second and third factors, whether and to what extent Plaintiff's witnesses and sources of proof were

located outside of the District of Nebraska. Clearly, Defendant's witnesses and sources of proof are located in Nebraska. At the hearing Plaintiff asserted that he has several witnesses who reside in Colorado, Arizona, California and New Mexico, and that the events giving rise to his claims occurred at various locations in Colorado, Arizona, California and New Mexico. However, at the time of the hearing Plaintiff had not yet disclosed the identity of these alleged witnesses despite the fact that the parties had already exchanged their initial Rule 26 disclosures. Therefore, I ordered Plaintiff to supplement his initial disclosure to include the information required by Fed. R. Civ. P. 26(a)(1)(A)(I).

In the renewed motion Defendant states that, to date, Plaintiff has failed to disclose the identity of any witnesses located in Colorado, Arizona, or California in the manner required by Rule 26(a)(1)(A)(I). Plaintiff has not filed any response to the renewed motion. Based on the record before me, the second and third 1404 factors, the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses, and the cost of making the necessary proof, now weigh in Defendant's favor. All of Defendant's witnesses are located in Nebraska, and Defendant asserts that all if its corporate functions are centered in Nebraska, and that all of the decisions regarding Plaintiff's employment were made in Nebraska. "Transfer of civil actions is not favored where the transfer would serve only to shift the burden of inconvenience from one party to another." *Greenberg v. Greenberg*, 954 F. Supp. 213 (D. Colo. 1997)(citing *Decker Coal v. Commonwealth Edison Co.*, 805 F.2d 834 (9th Cir. 1986). Here, Plaintiff is a citizen of Kansas, and there is nothing in the record to suggest that he would be personally inconvenienced by transfer of venue to the District of Nebraska. Moreover, there is no evidence in the record to suggest that Plaintiff could not receive a fair trial in the District of Nebraska. Based on the record before me, I find that a transfer of venue pursuant to

28 U.S.C. § 1404(a) is appropriate in this case.

Therefore, it is hereby

ORDERED that Defendant's Renewed Motion to Transfer Venue, filed January 22, 2009 [#20] is **GRANTED**.  This case shall be transferred to the United States District Court for the District of Nebraska.

Dated:  February 17, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge